Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3063 | **DATE** | 10/16/2003 |
| **CASE TITLE** | CLEAR CHANNEL OUTDOOR, ET AL vs. RUBLOFF OAKRIDGE ALGONQUIN, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Motion (3-1) to transfer venue is denied. Motion (11-1) to dismiss is granted/denied in part. Count IV is dismissed as to defendant Village of Algonquin. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 20 2003<br>date docketed | 23 |
| | Notified counsel by telephone. | U.S. DISTRICT COURT<br>CLERK | | |
| ✓ | Docketing to mail notices. | 03 OCT 17 PM 4:34 | docketing deputy initials | |
| | Mail AO 450 form. | FILED FOR DOCKETING<br>ED-7 | date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 2 0 2003

CLEAR CHANNEL OUTDOOR, INC., f/k/a ELLER MEDIA COMPANY, as Successor in Interest to UNIVERSAL OUTDOOR, INC., as Successor in Interest to MIDWEST OF CHICAGO, INC.,

Plaintiff,

v.

RUBLOFF OAKRIDGE ALGONQUIN, L.L.C., VILLAGE OF ALGONQUIN,

Defendants.

No. 03 C 3063
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

Beginning in 1980, Clear Channel entered into a series of leases to operate an outdoor advertising sign (the "Sign") in McHenry County, Illinois, which is located in the Western Division. Clear Channel negotiated, signed, administered, and performed the leases in the Eastern Division. The last of these leases was executed in 1997 between Clear Channel and the Eugene G. Olsen Family Limited Partnership ("Olsen"). In 2002, defendant Rubloff Oakridge Algonquin LLC ("Rubloff") (located in Rockford, Illinois in the Western Division) entered into a written real estate sales contract with Olsen to purchase the property on which the Sign was located. In conjunction with the purchase, Rubloff obtained an Assignment of all right, title and interest in the lease regarding the Sign.

In 1995, the Village of Algonquin annexed the parcel of property on which the Sign was located. In 2002, the Village enacted an ordinance requiring that the Sign be removed for its failure to comply with the Village's Sign Code. Rubloff subsequently removed the Sign. On

23

May 7, 2003, Clear Channel filed suit against Rubloff and the Village in the Eastern Division of the Northern District of Illinois for breach of contract. The Village now moves to dismiss Counts III and IV and both defendants move to transfer this case pursuant to 28 U.S.C. § 1404(b) from the Eastern Division to the Western Division.

Motion to Dismiss

Count III of Clear Channel's Complaint is against the Village and Rubloff for declaratory judgment pursuant to 28 U.S.C. § 2201 seeking a declaration that Clear Channel has a continuing right to keep the Sign or a sign in place. Under § 2201, a court "may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought." *Matter of VMS Securities Litigation*, 103 F.3d 1317, 1327 (7th Cir. 1996). However, § 2201 does "not dispense with the Article III case of controversy requirement." *Id.* Here, the Village argues that Count III should be dismissed because it does not allege a controversy with the Village sufficient to create a cause of action.

Article III of the Constitution limits the judicial power of the United States to the resolution of "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). An actual controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *VMS Securities Litigation*, 103 F.3d at 1327. Here, Clear Channel has alleged a substantial controversy between it and the Village. Specifically, Clear Channel alleged that the Village passed an ordinance requiring removal of the Sign, but that the Sign is a legal prior non-conforming use thus allowing Clear Channel to continue to operate the Sign or a sign without regard to the ordinance. *See*

*Bainter v. Village of Algonquin*, 675 N.E.2d 120, 125-26 (Ill. App. Ct. 1997). Because it is possible (which even the Village acknowledges) that Clear Channel may be entitled to some relief on the basis of its legal non-conforming use, *see Village of Skokie v. Walton on Dempster*, 456 N.E.2d 293 (Ill. App. Ct. 1983); *Neagele Outdoor Advertising, Inc. v. City of Durham*, 944 F.2d 172 (4th Cir. 1988), dismissal of Count III as to the Village is inappropriate.

Count IV is against the Village for inverse condemnation under both federal and state law. Inverse condemnation is a cause of action against a governmental defendant to recover the value of property which has been taken in fact by a governmental entity although not through eminent domain procedures. *See Patrick Media Group, Inc. v. DuPage Water Comm'n*, 630 N.E.2d 958 (Ill. App. Ct. 1994). In Illinois, an inverse condemnation action can be maintained for the destruction of personal property even though no real property has been taken. *Warner/Elektra/Atlantic Corp. v. County of DuPage*, 991 F.2d 1280 (7th Cir. 1993). However, a government land-use regulation does not constitute a taking if it substantially advances legitimate state interests and does not deny an owner economically viable use of the land. *National Advertising Co. v. Village of Downers Grove*, 561 N.E.2d 1300 (Ill. App. Ct. 1990).

Here, the Complaint alleges that the annexing of the Property and the passing of the zoning ordinance prohibiting billboards deprived Clear Channel of "all economically beneficial, productive, and viable use of the Sign." The Village argues that this Count should be dismissed because the Complaint has not alleged a taking *by the Village*. It alleges that Rubloff took down the Sign, destroyed it, and did not return it to Clear Channel, but it does not allege that the

Village took it down, destroyed it, required Rubloff to remove it immediately,[1] prohibited Clear Channel from putting it up on a different highway or roadway, required Rubloff to destroy it when taking it down, or prohibited Rubloff from returning it to Clear Channel. Because the allegations in the Complaint, if true, show that Rubloff, not the Village, deprived Clear Channel of all economically viable use of the Sign, the Complaint does not allege a taking of Clear Channel's property by the Village necessary to sustain a cause of action for inverse condemnation.

Even if Clear Channel had alleged that the Village ordered the immediate removal of the Sign, it still has not adequately alleged an inverse condemnation because it has not sufficiently alleged a "taking" under either federal or state law sufficient to sustain a cause of action for inverse condemnation. *See Patrick Media Group, Inc. v. DuPage Water Commission*, 630 N.E.2d 958 (Ill. App. Ct. 1994) (holding that a "taking" did not occur when Water Commission terminated plaintiff's billboard leases after purchasing property from a railroad because the cause of the plaintiff's complaints were not the commission's actions, but the plaintiff's fragile rights under the billboard agreements). Here, as in *Patrick Media Group*, the true cause of Clear Channel's Complaint is not the annexation of the property upon which the Sign was located or the ordinance prohibiting billboards like Clear Channel's Sign. Rather, the true cause of its

---

[1] In its response, Clear Channel claims that the Village sent correspondence to the property owner demanding immediate removal of the Sign in accordance with the ordinance, but, this fact was not alleged in the Complaint, and Clear Channel may not cure deficiencies in its Complaint by inserting missing allegations in responsive pleadings. *Kipnis v. Baram*, 949 F.Supp. 618, 620 n. 2 (N.D. Ill. 1996). When ruling on a Rule 12(b)(6) motion to dismiss, a court must look only at the facts alleged in the complaint, not on outside evidence or facts not alleged in the complaint. *See Leblang Motors Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998).

Complaint is the removal of its Sign by Rubloff prior to the termination of its lease with Rubloff. Accordingly, Count IV is dismissed.

As a last resort in defense of Count IV, Clear Channel claims that it is entitled to just compensation from the Village under the Illinois Eminent Domain Act, which mandates that an owner of a lawfully erected off-premises outdoor advertising sign that is compelled to be removed under any municipal ordinance is entitled to just compensation. *See* 735 ILCS 5/7-101. However, the Complaint makes no claim to relief under the Illinois Eminent Domain Act.

Motion to Transfer

Having dismissed Count IV, I now move to the defendants' motion to transfer pursuant to 28 U.S.C. § 1404(b) from the Eastern Division to the Western Division. Section 1404(b) provides:

> Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district.

A § 1404(b) transfer is proper where (1) venue is proper in the transferor district, (2) venue would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses, and the interest of justice. *Kingsley v. Dixon Old People's Home Fund, Inc.*, No. 96 C 2464, 1996 WL 417548, at *1 (N.D. Ill. Jul. 22, 1996). Here, the focus is on the third element which requires me to consider both the private interests of the parties and the public interests of the Court in balancing the inconvenience that venue in each district would entail. *Sistrunk v. Archer-Daniels-Midland Co.*, No. 92 C 7998, 1993 WL 98239, at *1 (N.D. Ill. Apr. 1, 1993).

"A plaintiff's choice of forum is entitled to substantial weight under Section 1404(a), particularly where it is also the plaintiff's home forum. Indeed, a plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in the defendant's favor." *Vandeveld v. Christoph*, 877 F.Supp. 1160, 1167 (N.D. Ill. 1995) (citations omitted). The movant bears the burden of proving, by reference to particular facts and circumstances, that the transferee forum is "clearly more convenient." *Heller Financial, Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). "Transfer is inappropriate if it merely transforms an inconvenience for one party into an inconvenience for the other party." *Vandeveld*, 877 F.Supp. at 1167 (quotations omitted). When the considerations weigh equally, the motion to transfer should not be granted. *Rose v. Franchetti*, 713 F.Supp. 1203, 1215 (N.D. Ill. 1989).

I must determine the fairest and most convenient venue by determining whether a given district satisfies both the private and public interests at stake. "Private interests" address the convenience of the parties and include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) ease of access to sources of proof; (4) convenience to parties; and (5) convenience to witnesses. *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F.Supp.2d 796, 798 (N.D. Ill. 1998). "Public interests" address the interest and justice and include: (1) the speed of the proceeding; (2) the court's familiarity with applicable law; and (3) the relation of the community to the occurrence and the desirability of resolving the controversy in its locale. *Amoco Oil Corp. v. Mobile Oil Corp.*, 90 F.Supp.2d 958, 963 (N.D. Ill. 2000). And although a motion to transfer venue between divisions is subject to the same analysis as any other transfer of venue motion, *Carr v. Village of Richmond*, No. 94 C 7355, 1995 WL 103635, at *1 (N.D. Ill. Mar. 3, 1995), the public interest factor is given less weight in the case of an intra-district

transfer, *Concrete Structure of Midwest, Inc. v. Treco Const. Services, Inc.*, No. 95 C 50211, 1996 WL 67213, at *5 (N.D. Ill. Feb. 16, 1996).

In this case, the defendants have failed to prove that the Western Division satisfies the private interests at stake and is thus "clearly more convenient" than the Eastern Division.[2] As for Clear Channel's choice of forum, courts traditionally show a strong preference for conducting litigation in the plaintiff's chosen forum. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 553 (7th Cir. 2001). Therefore, a plaintiff's choice of forum should rarely be disturbed unless the balance weighs strongly in the defendants' favor. *Vandeveld*, 877 F.Supp. at 1167. Here, Clear Channel chose the Eastern Division because its witnesses, its proof, its office, and the events giving rise to this action all are located and took place in the Eastern Division.

Regarding the situs of material events, several factors point toward the Eastern Division:

- Clear Channel is located in the Eastern Division.
- Clear Channel negotiated the lease at issue in the Eastern Division.
- Clear Channel prepared the lease at issue in the Eastern Division.
- Clear Channel signed the lease at issue in the Eastern Division.
- Clear Channel performed the lease from its office in the Eastern Division.
- Rubloff's alleged breach of the lease at issue cause injury to Clear Channel in the Eastern Division.
- Finally, Clear Channel attempted to secure future performance of the lease from its office in the Eastern Division.

However, several factors also point to the Western Division:

- Rubloff and a portion of the Village are located in the Western Division.
- The property at issue on which the Sign was located is in the Western Division.
- The ordinances annexing the property and forcing the Sign to be removed were passed in the Western Division.
- Olsen signed the lease at issue in the Western Division.
- The alleged breach occurred in the Western Division.

---

[2] Even if not given less weight in the case of an intra-district transfer, there are no public interest factors strong enough to weigh in favor of a transfer to the Western Division.

- Finally, the specific performance requested by Clear Channel would take place in the Western Division.

Therefore, this factor is a draw.

Regarding the ease of access to sources of proof and the convenience to the parties, these factors are also draws. Weighing in favor of Clear Channel's preference for the Eastern Division is that it is located in the Eastern Division, all of its documents and evidence are located in the Eastern Division, and all of its witnesses live and work in the Eastern Division. Weighing in favor of the defendants' preference for the Western Division is that they are wholly or partially located in the Western Division, all of their documents and evidence are located in the Western Division, and all of their witnesses live and work in the Western Division.

Regarding the convenience to the witnesses, three non-party witnesses have been proposed. Rubloff proposes one liability witness, Eugene Olson of Marengo, Illinois. Clear Channel proposes two liability witnesses, Jeff Welch of Oak Lawn, Illinois, and Tom Walsh of Chicago, Illinois. There is a good argument that Chicago-based witnesses traveling to Rockford would be more inconvenienced than the one Marengo-based witness traveling to Chicago. If this case is transferred from Chicago to Rockford, Welch and Walsh will need to travel 95 and 93 miles to Rockford, respectively. But if this case remains in Chicago, then Olson will only need to travel 61 miles to Chicago. In addition, Clear Channel intends to call one damages witness, Michael Marous of Park Ridge, Illinois, for whom Chicago is the more convenient forum.

After surveying the above private interest factors, the defendants fail to meet their burden of proving, by reference to particular facts and circumstances, that the Western Division is "clearly more convenient" for this case. *Heller Financial, Inc.*, 883 F.2d at1293. This appears to

be a prototypical case where a transfer "merely transforms an inconvenience for one party into inconvenience for the other party." *Vandeveld*, 877 F.Supp. at 1167. However, a transfer on such a basis would be inappropriate. *Id.* Therefore, when the considerations weigh equally, the motion to transfer should not be granted. *Rose*, 713 F.Supp. at 1215.

For the reasons above, the Village's Motion to Dismiss is DENIED as to Count III but GRANTED as to Count IV, and Rubloff's Motion to Transfer is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 16 Oct 2003